IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61907

ME TECHNOLOGY, INC., )
)
)
    Plaintiff, )
)
v. )
)
MOSHE OZ and CAA INDUSTRIES LTD., )
)
    Defendants. )
)

## COMPLAINT AND JURY DEMAND

Plaintiff ME Technology, Inc., sues Defendants Moshe Oz and CAA Industries Ltd. and states:

## PARTIES

1. Plaintiff ME Technology, Inc. ("ME Technology") is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located in Pompano Beach, Broward County, Florida, and it does business under the trade name "CAA USA."

2. Defendant Moshe Oz is a citizen of Israel who is domiciled in Israel. He is the co-founder and, upon information and belief, president or CEO of Defendant CAA Industries Ltd. He also holds a minority stake in Plaintiff ME Technology.

3. Defendant CAA Industries Ltd. ("CAA Israel") is a corporation organized and existing under the laws of Israel. Its principal place of business is located in Qiryat Gat, Israel.

GUNSTER, YOAKLEY & STEWART, P.A.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of New York and Florida and Defendants are citizens of a foreign state and the amount in controversy is in excess of $75.000.

5. This Court has personal jurisdiction over Defendants because they have committed a tortious act within this State.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. ME Technology markets and sells tactical accessories, optics, tools, and upgrades for firearms in Florida and throughout the United States.

8. Among its offerings are pistol-to-carbine conversion kits. The main component of such kits is a gun housing into which a handgun is inserted. Once inserted into the housing, the handgun has the appearance of a carbine. Like a carbine, the converted handgun is held with two hands and braced against the user's shoulder, enhancing the firearm's stability and accuracy. The housing also provides a platform for the attachment of sights and other accessories.

9. As evidenced by its trade name, CAA USA, ME Technology originally was intended to be the distributor of conversion kits, stabilizers, and other tactical accessories that CAA Israel manufactured overseas. The parties never executed a formal distribution agreement.

10. Beginning in 2018, CAA Israel began missing delivery dates and struggling to pay its vendors and employees.

11. In 2018, CAA Israel began selling its products to ME Technology's distribution competitors, including YRS Inc., and directly to U.S. consumers at prices that were substantially

below the prices at which ME Technology offered CAA Israel's product, in an apparent effort to damage ME Technology's relationships with its customers and destroy its business.

12. Beginning in the fall of 2018, ME Technology stopped ordering from CAA Israel.

13. ME Technology's decision to sever its business relationship with CAA Israel infuriated CAA Israel's senior leadership and Oz in particular.

14. After severing its business relationship with CAA Israel, ME Technology developed and began to sell the MCK (i.e., Micro Conversion Kit) line of pistol-to-carbine conversion kits.

15. ME Technology also continued to sell (and continues to sell) its remaining inventory of CAA Israel products, including CAA Israel's RONI and Micro RONI lines of pistol-to-carbine conversion kits.

16. The primary distinction between the MCK conversion kit and the RONI and Micro RONI conversion kits is that the latter include a latch mechanism that, according to CAA Israel, offers additional protection against inadvertent discharge.

17. On April 11, 2019, in response to ME Technology's severance of its relationship with CAA Israel and ME Technology's development and sale of the MCK line of conversion kits, CAA Israel distributed, on its letterhead, an "Open Letter to Our Valued Customers, Dealers and Distributors" (the "Letter") from Oz, in which Oz made a number of false and defamatory statements regarding ME Technology. (A copy of the Letter is attached as Exhibit A.)

18. The letter reads:

April 11, 2019

Open Letter to Our Valued Customers, Dealers and Distributors.

As the inventor of the CAA® RONI® and Micro RONI® I want to warn our valued customers, dealers and distributors about the <u>DANGER</u> of the MCK line

3

of pistol housings being sold worldwide by ME Technology Inc. of Pompano Beach, FL USA (ME).

In an attempt to avoid violating our US #8887432 and Worldwide Patents EU #EP2314976A2, the MCK line of pistol housings <u>DOES NOT INCLUDE A TRIGGER GUARD.</u>  This omission renders the MCK product <u>UNSAFE AND HAZARDOUS</u>.  The trigger guard is <u>VITAL</u> to prevent an unintended discharge of the firearm while in the pistol housing.  This MCK design is <u>WORSE</u> than designing a pistol holster and leaving the trigger exposed!

<u>THE MCK PISTOL HOUSING IS UNSAFE AND HAZARDOUS</u>
<u>THE MCK PISTOL HOUSING IS DANGEROUS TO USE</u>

In addition, the MCK pistol housing is being sold under the CAA® #4352407 and RONI® 4352373 US Trademarks.  These Trademarks are owned by CAA Industries Ltd of Israel, and ME is not authorized to use them and is in <u>VIOLATION</u> of the law.

I cannot allow our valued customers, dealers and distributors to be DECEIVED by the MCK pistol housing.

<u>THE MCK PISTOL HOUSING IS A DANGER TO THE PUBLIC</u>
<u>THE MCK PISTOL HOUSING IS FRAUDULENTLY BEING SOLD UNDER MY GOOD CAA® & RONI® NAME</u>

Since 2004, I have designed products of the highest quality and safest design possible.  I will not stand by and allow inferior products to be sold under my good CAA® and RONI® name.
Violators will be prosecuted to the fullest extent of the law.

<u>DO NOT ACCEPT INFERIOR IMITATIONS OF CAA® PRODUCTS</u>
<u>www.caagearup.com IS NOT THE WEB SITE FOR CAA INDUSTRIES</u>

Genuine CAA® & RONI® products are available in the USA & Worldwide from: YRS Inc. a worldwide distributor of CAA Industries.
htttps://www.YRSInc.com
YRS CEO TEL:   +972522581634
YRS Sales TEL:   +17027278257

Moshe Oz
Founder & President
CAA Industries Ltd.

4

GUNSTER, YOAKLEY & STEWART, P.A.

19. Oz signed the Letter above with a CAA INDUSTRIES LTD stamp.

20. CAA Israel mailed the Letter to ME Technology customers, including ME Technology customers in Florida. ME Technology learned from its Florida customers and customers throughout the United States that they saw this posted on various websites.

21. All conditions precedent to suit, if any, have been satisfied or occurred.

## COUNT I
(Libel by False Allegations of Sale of a Dangerous Product)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if set forth herein.

23. The statements in the Letter that ME Technology is selling a product which is a "danger," "unsafe and hazardous," "dangerous to use," and "a danger to the public" because the product does not have its own "trigger guard" are false and defamatory of ME Technology and are disparaging to its MCK product.

24. The statements in the Letter that a trigger guard is "vital" to the prevention of an "unintended discharge" and that MCK's design "is worse than designing a pistol holster and leaving the trigger exposed" are false and defamatory of ME Technology and are disparaging to its MCK product.

25. The exclusion of a "trigger guard" or similar latch mechanism from the design for MCK conversion kits does not make the MCK conversion kits dangerous or unsafe.

26. The MCK conversion kit is only compatible with certain handguns, all of which have safety features of their own. The MCK conversion does not interfere with or diminish the effectiveness of any of these safety features.

27. An MCK conversion kit is just as safe as the handgun with which it is used, and it is false to claim, as CAA Israel and Oz have, that an MCK conversion kit's lack of a "trigger

guard" is dangerous, unsafe, and hazardous, or that a trigger guard is vital—i.e., absolutely necessary or essential—to the prevention of unintended discharge.

28. The false and defamatory statements in the Letter also implied to readers that:

A. CAA Israel and Oz had data, studies, or other information which showed that firearm users actually have experienced more inadvertent firearm discharges when they have used their firearms in connection with an MCK conversion kit than when they have used their firearms in connection with a RONI or Micro RONI conversion kit.

B. Firearm users are known to have inadvertently discharged their firearms when using them in connection with an MCK conversion kit.

29. Both of these implications are false and defamatory of ME Technology and disparaging of its MCK conversion kit in that CAA Israel and Oz have no data, studies, or other information which show that firearm users actually have experienced more inadvertent firearm discharges when they have used their firearms in connection with an MCK conversion kit than when they have used their firearms in connection with a RONI or Micro RONI conversion kit; firearm users are not known to have inadvertently discharged their firearms when using them in connection with an MCK conversion kit.

30. Oz is a former Israeli commando, a holder of certain patents related to pistol-to-carbine conversion kits, and a businessman with at least 15 years of experience in the firearms industry.

31. Oz and CAA Israel knew or recklessly disregarded the falsity of their defamatory statements and implications of and concerning ME Technology and the MCK conversion kits at the time they published them to third parties.

32. Oz and CAA Israel maliciously published to third parties their false and defamatory statements and implications of and concerning ME Technology and the MCK

conversion kits with the primary intent of injuring ME Technology and its MCK conversion kits, and not to convey any legitimate information concerning ME Technology or its product.

33. Oz and CAA Israel's statements and implications concerning the danger posed by MCK conversion kits and by ME Technology's sale of such kits are actionable per se.

34. Oz and CAA Israel's statements and implications are also the proximate cause of harm in excess of $75,000 to ME Technology's reputation, profits, and MCK conversion kits.

WHEREFORE, Plaintiff demands judgment in favor of ME Technology, Inc., and against Moshe Oz and CAA Industries Ltd. awarding ME Technology, Inc., general damages, special damages, punitive damages, its costs, its attorney's fees, and such other and further relief as the Court deems just and proper.

## COUNT II
(Libel by False Allegations of Trademark Infringement)

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if set forth herein.

36. The statements in the Letter that ME Technology is selling its MCK pistol holding under trademarks owned by CAA Israel; that ME Technology is deceiving CAA Israel's customers, dealers and distributors; that ME Technology is fraudulently selling its MCK pistol housing under CAA Israel's good name; that ME Technology is selling inferior products under the CAA Israel trademarks; and that ME Technology had made "an attempt to avoid violating" CAA Israel's patents are false and defamatory of ME Technology and its MCK conversion kits.

37. According to the U.S. Patent and Trademark Office, registered trademark number 4352407 is:

38. ME Technology only uses this mark in connection with its sale of its remaining CAA Israel Inventory.

39. ME Technology does not use registered trademark number 4352407 in connection with the sale of MCK conversion kits.

40. According to the U.S. Patent and Trademark Office, registered trademark number 4352373 is "RONI."

41. ME Technology only uses this mark in connection with its sale of its remaining CAA Israel Inventory.

42. ME Technology does not sell MCK conversion kits under the name RONI.

43. ME Technology did not attempt to avoid infringing on CAA Israel's patents. ME Technology did not infringe on CAA Israel's patents.

44. In short, the statements in the Letter of and concerning ME Technology's use of CAA Israel's trademarks and sale of products are false and defamatory of ME Technology and disparaging to its MCK conversion kit because ME Technology only has used the trademarks at issue in connection with its sales of its remaining CAA Israel Inventory (if at all); ME Technology's MCK conversion kit is not inferior to the RONI or Micro Roni products; ME Technology does not use the CAA Israel trademarks in connection with the sale of MCK conversion kits; and ME Technology has not made an attempt to avoid violating CAA Industries' patents.

45. The false and defamatory statements in the Letter also implied, when read in conjunction with the threat in the Letter that "Violators will be prosecuted to the full extent allowed by the law" that:

   A. ME Technology had engaged in civil and criminal violations of CAA Israel's intellectual property rights and would be prosecuted for doing so.

   B. Purchasers of MCK conversion kits or CAA Israel products from ME Technology themselves would be engaging in civil and criminal violations of CAA Israel's intellectual property rights and would be prosecuted for doing so.

46. These implications are also false and defamatory of ME Technology and disparaging to its MCK conversion kit because ME Technology had not engaged in civil or criminal violations of CAA Israel's intellectual property rights and purchasers of MCK conversion kits from ME Technology would not violate CAA Israel's intellectual property rights.

47. Oz and CAA Israel knew or recklessly disregarded the falsity of their statements and implications of and concerning ME Technology's use of CAA Israel's trademarks and sale of products at the time that they published them to third parties.

48. Oz and CAA Israel maliciously made their false and defamatory statements and implications of and concerning ME Technology's use of CAA Israel's trademarks and sale of products with the primary intent to injure ME Technology, and not to convey any legitimate information to consumers concerning the source or origin of any product sold by ME Technology or CAA Israel.

49. Oz and CAA Israel's statements and implications of and concerning ME Technology's use of CAA Israel's trademarks and sale of products are actionable per se.

50. Oz and CAA Israel's statements and implications of and concerning ME Technology's use of CAA Israel's trademarks and sale of products are also the proximate cause of harm in excess of $75,000 to ME Technology's reputation, profits, and MCK conversion kits.

WHEREFORE, Plaintiff demands judgment in favor of ME Technology, Inc., and against Moshe Oz and CAA Industries Ltd. awarding ME Technology, Inc., general damages, special damages, punitive damages, its costs, its attorney's fees, and such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

        Respectfully submitted,

        Gunster, Yoakley & Stewart, P.A.
        Attorneys for ME Technology, Inc.

        By   *s/ Thomas R. Julin*
            William K. Hill, Thomas R. Julin
             & Timothy J. McGinn
            Florida Bar Nos. 747180, 325376 & 1000377
            600 Brickell Avenue, Suite 3500
            Miami, Florida 33131
            305-376-6007 fax 6010
            whill@gunster.com
            tjulin@gunster.com
            tmcginn@gunster.com